Submitted on record and petitioner's brief June 14, affirmed July 18, 1977

## JENSEN, *Petitioner,*

*v.*

## EMPLOYMENT DIVISION et al, *Respondents.*

## (No. 77-AB-91, CA 7739)

566 P2d 556

Ira S. Feitelson, Salem, filed the brief for petitioner.

No appearance for respondent Employment Division.

No appearance for respondent Freres Veneer Company.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

PER CURIAM.

## PER CURIAM.

The issue here is whether claimant was guilty of misconduct under ORS 657.176(2)(a)[1] and therefore disqualified from receiving unemployment benefits for a period of eight weeks. We agree with the Employment Appeals Board that he was. Its opinion, which we adopt, reads in pertinent part:

"FINDINGS OF FACT: (1) The claimant was employed on the above employer's veneer green chain from October 1970 to September 2, 1976 at the closing rate of $5.90 an hour. (2) During the course of his employment a personality conflict had developed between the claimant and his foreman. (3) Due to this personality conflict the claimant did not believe the foreman would allow him a day off from time to time if it were requested. (4) Approximately one month prior to his separation from work the claimant had discussed with the assistant manager the possibility of taking a day off approximately the first week in September. (5) The claimant suffered from migraine headaches from time to time and was instructed by his physician not to work if he anticipated one of these headaches and not to work during a period when he had a migraine headache. (6) On September 1, 1976 the claimant sent notice to the employer that he would not report to work. (7) The claimant was not sick on that date. (8) When he reported for work on September 2, 1976 the foreman questioned him regarding his absence and he informed the foreman that he had not been sick and that he had not been horseback riding as was reported to the foreman. (9) The claimant was then discharged by the foreman for being absent without a

---

[1]    "* * * * *

"(2) If the authorized representative designated by the administrator finds:

"(a) The individual has been discharged for misconduct connected with his work * * *

"* * * * *

the individual shall be disqualified from the receipt of benefits until he has performed service for which remuneration is received equal to or in excess of his weekly benefit amount in four separate weeks subsequent to the week in which the act causing the disqualification occurred.

"* * * * *." ORS 657.176.

valid reason. (10) The claimant obtained a statement from his doctor * * * to submit to the Employment Division. (11) This statement has entered in Item 6 that the claimant was unable to work on September 1, 1976. (12) This date was supplied to the doctor by the claimant when the report was completed on October 26, 1976. (13) The doctor did not examine the claimant on September 1, 1976.

"CONCLUSION AND REASONS: We do not agree with the decision of the referee that the claimant was discharged but not for misconduct connected with his work. It is our finding that the discharge was for misconduct connected with the work.

"The claimant admittedly was not sick on the day he was absent. The claimant has not established a valid reason for his failure to report to work on September 1, 1976. He testified that he anticipated a migraine headache the day before, which was August 31, 1976. However, by his own testimony this headache did not materialize and he has not shown why he was unable to report to work on September 1, 1976. The assistant manager testified that claimant had stated he had taken the day off because '. . . I had things I wanted to do around the house.' * * * This testimony was not contradicted by the claimant. An individual has a duty to report to work on the days he is scheduled to work unless he has some valid reason for being absent. An absence from work without valid reason is a wilful disregard of the employer's interest and as such, constitutes misconduct connected with the work."

Affirmed.